AUSTIN B. KENNEY (State Bar No. 242277)
abk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

AN LE (State Bar No. 260817)
al@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

Attorneys for Plaintiff
BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>ANTOINETTE MARIE MANLEY, doing business as BNGL SERVICES; and STALLION SPORT LIMITED,<br><br>Defendants. | Case No. 2:19-cv-01846 FMO (PLAx)<br>Hon. Fernando M. Olguin<br>Ctrm. 6D - 1st Street<br><br>**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT ANTOINETTE MARIE MANLEY D/B/A/ BNGL SERVICES AND REQUEST FOR RECOVERABLE COSTS AND ATTORNEYS' FEES**<br><br>Date:    November 14, 2019<br>Time:    10:00 a.m.<br>Ctrm.:   6D<br><br>Action Filed:    March 13, 2019<br>Trial Date:       April 14, 2020 |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION.................................................................iv

MEMORANDUM OF POINTS AND AUTHORITIES............................................ 1

I.     INTRODUCTION ......................................................................................... 1

II.    RELEVANT PROCEDURAL & BACKGROUND FACTS .......................... 1

III.   LEGAL STANDARD ................................................................................... 5

IV.   ARGUMENT ................................................................................................ 5

    A.    Judgment Should Be Entered Against MANLEY .................................. 5

    B.    BANA Is Entitled to Attorneys' Fees .................................................... 7

        1.    BANA is Entitled to Attorneys' Fees Under California Law .......................................................................................... 7

        2.    BANA's Request for Attorneys' Fees is Reasonable ................. 10

V.    CONCLUSION ........................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abex Corp. v. Ski's Enterprises, Inc.*,
  748 F.2d 513 (9th Cir. 1984) ......................................................... 9

*Aldabe v. Aldabe*,
  616 F.2d 1089 (9th Cir. 1980) ...................................................... 5

*Berkla v. Corel Corp.*,
  290 F.3d 983 (9th Cir. 2002) ......................................................... 7

*Boyd v. Oscar Fisher Co.*,
  210 Cal.App.3d 368 (1989) ........................................................... 8

*California Wholesale Material Supply, Inc. v. Norm Wilson & Sons, Inc.*,
  96 Cal.App.4th 598 (2002) ........................................................ 8, 9

*Crawford v. Astrue*,
  586 F.3d 1142 (9th Cir. 2009) .................................................... 12

*Crommie v. State of California*,
  840 F.Supp. 719 (N.D. Cal. 1994) ............................................... 7

*Del Merk, Inc. v. Franzia*,
  132 Cal.App.4th 443 (2005) .......................................................... 8

*Eitel v. McCool*,
  782 F.2d 1470 (9th Cir. 1986) ...................................................... 5

*Elektra Entm't Group, Inc. v. Bryant*,
  2004 WL 783123 (C.D. Cal. Feb. 13, 2004) ................................. 5

*Fobian v. Western Farm Credit Bank*,
  951 F.2d 1149 (9th Cir. 1991) ...................................................... 7

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ................................................................... 10

*Hsu v. Abbara*,
  9 Cal.4th 863 (1995) ..................................................................... 8

*Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*,
  791 F.2d 1334 (9th Cir. 1986) ............................................... 10, 12

*Linc Finance Corp. v. Onwuteaka*,
  129 F.3d 917 (7th Cir. 1997) ........................................................ 7

*Milman v. Shukhat*,
  22 Cal.App.4th 538 (1994) ......................................................... 8, 9

ii

*Moallem v. Coldwell Banker Com. Group, Inc.*,
    25 Cal.App.4th 182 (1991) ......................................................................... 9

*PepsiCo v. Triunfo-Mex, Inc.*,
    189 F.R.D. 431 (C.D. Cal. 1999) ............................................................ 5, 6

*Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*,
    306 F.2d 188 (9th Cir. 1962) .................................................................... 9

*Sciarotta v. Teaford Custom Remodeling, Inc.*,
    110 Cal.App.3d 444 (1980) ...................................................................... 8

*Scott Co. v. Blount, Inc.*,
    20 Cal.4th 1103 (1999) ............................................................................ 7

*Sprint Nextel Corp. v. Thuc Ngo*,
    2012 WL 4127296 (N.D. Cal. Sept. 18, 2012) ........................................ 5

*TeleVideo Sys., Inc. v. Heidenthal*,
    826 F.2d 915 (9th Cir. 1987) ................................................................ 5, 6

**STATUTES**

Cal. Civ. Code
    § 1717 ............................................................................................. 7, 8, 9
    § 1717(a) .................................................................................................. 8

Code Civ. Proc.
    § 1032(b) .................................................................................................. 7
    § 1033.5(a)(10) ......................................................................................... 7
    § 1033.5(a)(10)(A) .................................................................................... 9

Soldiers' and Sailors' Civil Relief Act of 1940 .............................................. 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 54(d) ...................................................................................... 1

Fed. R. Civ. P. 55(a) ................................................................................... 5, 6

Fed. R. Civ. P. 55(b) ...................................................................................... 5

Fed. R. Civ. P. § 54(b) ................................................................................... 6

Local Rule 293(c) ......................................................................................... 10

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 14, 2019 at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 6D of the above-entitled Court, located at 350 W. 1st Street, Suite 4311, Los Angeles, CA 90012-4565, plaintiff Bank of America, N.A. ("BANA") will and hereby does move for entry of default judgment against defendant ANTOINETTE MARIE MANLEY, D/B/A BNGL SERVICES ("MANLEY"), as well as and an award of recoverable costs in the sum of $4,847.55 and attorneys' fees in the amount of $24,811.50.

This motion is made pursuant to pursuant to Rules 54(d)(1) and 54(d)(2) of the Federal Rules of Civil Procedure, California Civil Code §§ 1032(b), 1033.5(a)(10), 1717, and Local Rule 55-3 on the ground that BANA was the prevailing party against MANLEY in the subject action and that BANA is eligible to receive attorneys' fees based on the Deposit Agreement and Signature Card (collectively "the Contract") signed by MANLEY, which contains an attorney's fees provision.  BANA is also entitled to its attorneys' fees as the prevailing party in an action on the Contract under California Civil Code § 1717.

On May 2, 2018, MANLEY opened a business checking account at BANA ending x1766 ("ACCOUNT x1766").  When MANLEY opened ACCOUNT x1766, she signed a Business Signature Card ("Signature Card").  By opening ACCOUNT x1766 and signing the Signature Card, MANLEY agreed to be bound by the terms of a Deposit Agreement and Disclosures ("Deposit Agreement").  MANLEY's agreement to be bound by the terms of the Deposit Agreement is specifically set forth in the Signature Card.

The Deposit Agreement contains an attorney's fees provision which states:

iv

**Conflicting Demands and Disputes**

> You are liable for all expenses and fees we incur,
>
> including attorneys' fees, and we may charge them to your
>
> account.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities, the declaration of Elizabeth Kralovec, the declaration of An Le, all other documents and pleadings in this case, and upon such argument as the Court may consider at any hearing on the motion.

DATED:  October 15, 2019      SEVERSON & WERSON
A Professional Corporation


By: _____/s/ An Le_____
                               An Le
Attorneys for Plaintiff
BANK OF AMERICA, N.A.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff BANK OF AMERICA, N.A. ("BANA")'s Complaint for Interpleader and Declaratory Relief is against defendant ANTOINETTE MARIE MANLEY, doing business as BNGL SERVICES ("MANLEY") and defendant STALLION SPORT LIMITED ("STALLION") (collectively "Defendants"), and seeks the Court's determination as to which defendant is the rightful owner(s) of funds held in suspense at BANA from a bank account in the name of MANLEY, in the amount of $184,657.66 (the "Disputed Funds").  BANA does not claim any right to, or interest in, the Disputed Funds, except for its claim for the reimbursement of reasonable attorneys' fees and costs incurred by BANA in connection with this action, which BANA alleges it is entitled to recover as an offset to any amounts that BANA interpleads in this case.

MANLEY has been served with the Summons and Complaint in this action via publication, and has failed to respond.  BANA is the prevailing party in this action under Rule 54(d) of the Federal Rules of Civil Procedure because MANLEY failed to respond to the Summons and Complaint, and accordingly the default of MANLEY was entered by the Court.  The Court has the authority to not only enter default judgment against MANLEY, but to also award costs and attorneys' fees under the Contract, which contains a broad attorneys' fee provision that encompasses Plaintiff's claims asserted in this case. Therefore, BANA respectfully requests that the Court enter default judgment against MANLEY, and award BANA its costs in the sum of $4,847.55, and attorneys' fees in the sum of $24,811.50 pursuant to the Contract.

### II.  RELEVANT PROCEDURAL & BACKGROUND FACTS

1.      On May 2, 2018, MANLEY opened a business checking account at BANA ending x1766 ("ACCOUNT x1766").  ACCOUNT x1766 was titled "ANTOINETTE MARIE MANLEY SOLE PROP DBA BNGL SERVICES."  In

opening ACCOUNT x1766 with BANA, MANLEY signed a Business Signature Card and agreed to be bound by the written terms and conditions set forth in the Deposit Agreement and Disclosures ("Deposit Agreement"), which governed the parties' deposit relationship.  A true and correct copy of the Signature Card and the Deposit Agreement is collectively attached as Exhibit A to the Declaration of Elizabeth Kralovec ("Kralovec Decl."), ¶3.  Some of the pertinent language of the Deposit Agreement includes the following:

> **Conflicting Demands and Disputes**
>
> You are liable for all expenses and fees we incur,
> including attorneys' fees, and we may charge them to your
> account

(Kralovec Decl., ¶3 - Ex. A – Deposit Agreement, page 48-49.)

> **Right of Setoff**
>
> We may take or setoff funds in any or all of your accounts
> with us and with our affiliates for direct and acquired
> obligations that you owe us, regardless of the source of
> funds in an account.

(Kralovec Decl., ¶3 - Ex. A – Deposit Agreement, page 53.)

2.    Based on information and belief, in or about June 2018, STALLION caused its bank in Hong Kong, DBS Bank, to initiate a series of wire transfers to ACCOUNT x1766 on the dates and in the amounts as follows:

a.    A wire transfer on or about June 1, 2018 in the amount of $139,622.40;

b.    A wire transfer on or about June 8, 2018 in the amount of $190,669.30; and

c.    A wire transfer on or about June 15, 2018 in the amount of $34,905.60.

(Kralovec Decl., ¶4, Ex. B - MANLEY's June 2018 bank statement, page 3.)

3.    BANA, through its own investigation and research, determined that ACCOUNT x1766 was held and operated by MANLEY, or someone using her

identity, and on June 21, 2018, BANA closed ACCOUNT x1766 after becoming aware of fraud allegedly committed by MANLEY, or someone using her identity. (Kralovec Decl., ¶5.)

4.    The Disputed Funds consist of all monies that remained in ACCOUNT x1766 at the time BANA closed ACCOUNT x1766.  The Disputed Funds are currently being held in suspense at BANA in the amount of $184,657.66.  (Kralovec Decl., ¶6, Ex. B, page 4.)

5.    On or about September 5, 2018, STALLION gave written notice to BANA that the email accounts of one of STALLION's vendor's, Winboss Industrial LTD, was breached. STALLION further alleged that several fraudulent emails and invoices mimicking the vendor were sent to STALLION, asking it to pay such invoices by wire transfer to ACCOUNT x1766.  STALLION admitted that it initiated the three wire transfers described in Paragraph 2 in response to those communications.  (Kralovec Decl., ¶7, Ex. C.)

6.    BANA is unable to trace the precise origin of all of the Disputed Funds, and does not know whether they rightfully belong to STALLION, the alleged victim of the alleged fraud, or to MANLEY, the owner of ACCOUNT x1766.  (Kralovec Decl., ¶8.)

7.    STALLION has already made a demand on BANA for the Disputed Funds.  MANLEY may also claim a right to the Disputed Funds, thereby subjecting BANA to conflicting demands that BANA cannot resolve.  (Kralovec Decl., ¶9, Ex. C.)

8.    BANA is unable to determine, without potentially exposing itself to multiple liabilities, to whom the Disputed Funds rightfully belong. (Kralovec Decl., ¶10.)

9.    BANA is a disinterested stakeholder with respect to the Disputed Funds.  It claims no right to or interest in the funds.  (Kralovec Decl., ¶11.)

10.     On or about March 13, 2019, BANA filed a Complaint for Interpleader and Declaratory Relief on behalf of BANA seeking the Court's assistance in determining the rightful owner(s) of certain funds held in suspense by BANA for ACCOUNT x1766 in the sum of $184,657.66.  (Le Decl., ¶2, Dkt. No. 1.)

11.     STALLION filed an Answer to BANA's Complaint.  (Le Decl., ¶3, Dkt. No. 13.)

12.     MANLEY was served with the Summons and Complaint by publication in two newspapers, and default was entered by the Court on September 13, 2019.  (Le Decl., ¶4, Dkt. No. 31.)

13.     MANLEY is a 61 year old female and is not an infant, an incompetent person, or a member of the armed forces.  Therefore, the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply to this case.  Additionally, MANLEY is not represented by a general guardian, committee, conservator or other representative (Le Decl., ¶5.)

14.     BANA has incurred recoverable costs and reasonable attorneys' fees relating to this action, and may continue to incur fees and costs until the matter is adjudicated with finality as to BANA's obligations.  (Kralovec Decl., ¶12.)

15.     Due to the particularly protracted nature of this case as a result of being unable to locate MANLEY, BANA has incurred significant fees and costs to date. BANA attempted to serve MANLEY with the Summons and Complaint at the address she provided to BANA on the Signature Card.  However, MANLEY did not live at that address.  BANA made diligent efforts to serve MANLEY at more than nine (9) different addresses, but was unable to locate her.  BANA had to engage the services of a private investigator to locate MANLEY, bring a motion for service by publication, and serve MANLEY by publication in two newspapers.  (Le Decl., ¶6, Dkt. Nos. 21, 28.)

16.     BANA has to date incurred recoverable costs in the sum of $4,847.55. (Le Decl., ¶7, Ex. 1.)

17.    BANA has also incurred reasonable attorneys' fees in the sum of $24,811.50.  (Le Decl., ¶8, Ex. 2.)

### III.  LEGAL STANDARD

After entry of default under Federal Rule of Civil Procedure 55(a), a federal district court may enter a default judgment under Rule 55(b).  "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (internal quotation marks and citation omitted).  Because allegations pertaining to damages are not assumed to be true, plaintiffs must provide "an evidentiary basis" for the damages requested. *Sprint Nextel Corp. v. Thuc Ngo*, 2012 WL 4127296, at *3 (N.D. Cal. Sept. 18, 2012).  That burden is "relatively lenient." *Elektra Entm't Group, Inc. v. Bryant*, 2004 WL 783123, at *2 (C.D. Cal. Feb. 13, 2004).

### IV.  ARGUMENT

**A.    Judgment Should Be Entered Against MANLEY**

The "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising that discretion, the Court must consider several factors, including: (1) the possibility of prejudice to BANA; (2) the merits of BANA's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Procedurally proper motions for default judgment "are more often granted than denied."  *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

Here first, BANA would undoubtedly suffer prejudice if a default judgment is not entered against MANLEY because it would have no means otherwise to determine in good faith, without potentially exposing itself to multiple liability, who

is entitled to the funds held in suspense from ACCOUNT x1766 in the amount of $184,657.66.  Second, there are no issues as to the merits of BANA's Complaint for Interpleader because BofA has no interest in the funds from ACCOUNT x1766, except for its claim for the reimbursement of reasonable fees and costs incurred by BANA in connection with this action.  Third, BANA's Complaint for Interpleader is sufficiently pled in regards to STALLION's and MANLEY's competing claims for funds held in suspense from ACCOUNT x1766.  Fourth, the sum of money at stake in the Complaint are all of the funds from ACCOUNT x1766 held in suspense at BANA.  Fifth, the possibility of a dispute concerning the right to the funds held in suspense from ACCOUNT x1766 exists between STALLION and MANLEY.  Sixth, there is nothing in the court's record to suggest that MANLEY's default is the result of excusable neglect.  Seventh, while public policy favors a decision on the merits, MANLEY's failure to appear and defend the Complaint has made rendering a decision on the merits impossible.  This Court is authorized to decide this case without further hearing the merits.  *See PepsiCo.*, 238 F. Supp. 2d at 1177 ("Under FRCP 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action.").  Accordingly, all of the *Eitel* factors weigh in favor of BANA.  As a result of the entry of default against MANLEY, she is deemed to have admitted the facts set forth in BANA's complaint, and BANA is therefore entitled to entry of judgment in its favor.  *Televideo Systems, Inc. v. Hedenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

     Additionally, Federal Rule of Civil Procedure § 54(b) states:

        b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or

10597.0533/15065252.1

MEMORANDUM OF POINTS & AUTHORITIES

1          more, but fewer than all, claims or parties only if the court

2          expressly determines that there is no just reason for delay.

3      In the matter at hand, BANA seeks to interplead funds to which it makes no

4  claim other than for reimbursement of its attorneys' fees and costs incurred in the

5  prosecution of this action.  MANLEY has been defaulted and to date has taken no

6  action to claim the Disputed Funds.  STALLION has filed an Answer to the

7  Complaint, and claims 100% ownership of the disputed funds.  Consequently, once

8  BANA is dismissed from this action, only STALLION's claim remains to be

9  adjudicated by this Court.  Therefore, there is no just reason for delay and the Court

10  should enter default judgment in favor of BANA and against MANLEY.

11  **B.      BANA Is Entitled to Attorneys' Fees**

12      Federal courts may award attorney fees when a valid contract provides for the

13  recovery of attorney fees.  *Linc Finance Corp. v. Onwuteaka*, 129 F.3d 917, 924

14  (7th Cir. 1997).  In federal court, state law governs the right to attorney fees as an

15  incident to prevailing on a state law claim.  *Berkla v. Corel Corp.*, 290 F.3d 983,

16  992, fn. 11 (9th Cir. 2002); *Fobian v. Western Farm Credit Bank*, 951 F.2d 1149,

17  1153 (9th Cir. 1991) ("*In re Fobian*"); *Crommie v. State of California*, 840 F.Supp.

18  719, 721 (N.D. Cal. 1994).  Unless expressly provided by statute, a prevailing party

19  is entitled as a matter of right to recover its costs in any action or proceeding.  Code

20  Civ. Proc. § 1032(b).  These costs include attorney fees, when such fees are

21  authorized by contract, statute, or law.  Code Civ. Proc., § 1033.5(a)(10).  Here,

22  once default judgment is entered against MANLEY, BANA will be the prevailing

23  party.

24      **1.      BANA is Entitled to Attorneys' Fees Under California Law**

25      As the Supreme Court held in *Scott Co. v. Blount, Inc.*, 20 Cal.4th 1103, 1109

26  (1999), "When a party obtains a simple, unqualified victory by completely

27  prevailing on or defeating all contract claims in the action and the contract contains

28  a provision for attorney fees, section 1717 entitles the successful party to recover

reasonable attorney fees incurred in prosecution or defense of those claims." *Hsu v. Abbara*, 9 Cal.4th 863, 877 (1995). Under California law, Civil Code § 1717 provides as follows:

> In any action **on a contract**, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or now, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a) (emphasis added).

Traditionally, California courts have liberally construed the "on a contract" requirement of Civil Code § 1717 to extend to any action so long as the action "involves" a contract and one of the parties would be entitled to recover attorney's fees under the contract if that party were to prevail. *California Wholesale Material Supply, Inc. v. Norm Wilson & Sons, Inc.*, 96 Cal.App.4th 598, 605 (2002); *see also Milman v. Shukhat*, 22 Cal.App.4th 538 (1994). In addition, it is irrelevant if the fees were incurred offensively or defensively. *Del Merk, Inc. v. Franzia*, 132 Cal.App.4th 443, 451 (2005).

Moreover, under Section 1717(a), if a contract contains an attorney's fee clause, "that provision shall be construed as applying to the entire contract." The Legislature amended the statute by adding this quoted language to Section 1717 to overrule the narrow application given an attorneys' fee provision in *Sciarotta v. Teaford Custom Remodeling, Inc.*, 110 Cal.App.3d 444, 450-52 (1980). *Boyd v. Oscar Fisher Co.*, 210 Cal.App.3d 368, 380 (1989). Accordingly, under Civil Code § 1717, a fee provision in a contract covers any action on the contract no matter how narrowly the fee provision is worded. *Id.* As such, any litigation which involves or

challenges the lender's right to exercise the contractually agreed upon power of sale must be considered as an action on the contract. Thus, as noted above, as long as the action "involves" a contract, it is "on the contract" within the meaning of Civil Code § 1717. *California Wholesale*, *supra*, 96 Cal.App.4th at 605; *Milman*, *supra*, 222 Cal.App.4th at 538; *Moallem v. Coldwell Banker Com. Group, Inc*., 25 Cal.App.4th 182, 1831-1832 (1991). Also, an award of attorney's fees can be recovered as "costs" when the recovery of such attorney's fees is authorized by a contract. Code of Civ. Proc. § 1033.5(a)(10)(A). Here, the Deposit Agreement contains a provision entitling BANA to attorneys' fees. The pertinent language of the Deposit Agreement includes the following:

> **Conflicting Demands and Disputes**
>
> You are liable for all expenses and fees we incur, including attorneys' fees, and we may charge them to your account

(Kralovec Decl., ¶3 - Ex. A – Deposit Agreement, page 48-49.)

Finally, the Court may award attorney fees and costs to a disinterested stakeholder, such as BANA, in an interpleader action. *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir. 1984). Such fee awards are normally paid from the interpleaded fund. *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188 (9th Cir. 1962). BANA is further entitled to offset attorneys' fees and costs from the ACCOUNT x1766 funds under the Right to Setoff provision of the Deposit Agreement. The pertinent language of the Deposit Agreement includes the following:

> **Right of Setoff**
>
> We may take or setoff funds in any or all of your accounts with us and with our affiliates for direct and acquired obligations that you owe us, regardless of the source of funds in an account.

(Kralovec Decl., ¶3 - Ex. A – Deposit Agreement, page 53.)

### 2.      BANA's Request for Attorneys' Fees is Reasonable

To determine a reasonable attorneys' fee award, courts generally start by calculating the lodestar amount (the product of multiplying the number of hours reasonably expended times a reasonable hourly fee).  *See*, *e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  In addition to the lodestar amount, the Court must also consider the following factors:  "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases." *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341-42 (9th Cir. 1986); *see also* Local Rule 293(c).

When a party obtains a simple, unqualified victory by completely prevailing on or defeating all claims in the action and the contract contains a provision for attorneys' fees, the successful party is entitled to recover reasonable attorneys' fees incurred in the prosecution or defense of those claims.  As set forth in the Declaration of An Le filed concurrently herewith, under the following circumstances, the requested fees and costs are more than reasonable.

### (a)      The Number of Hours is Reasonable

BANA has also incurred attorneys' fees relating to the prosecution of this action in the sum of $24,811.50 for which BANA seeks reimbursement:

October 24, 2018 through January 31, 2019:

MEMORANDUM OF POINTS & AUTHORITIES

| Attorney | Dates | Hours | Total[1] |
|---|---|---|---|
| Mark J. Kenney | 3/15 – 1/31/19 | 8.40 | $420($3,528.00) |
| Jan T. Chilton | 5/16 – 1/31/19 | .70 | $420($294.00) |
| Mark I. Wraight | 3/18 – 1/31/19 | .30 | $385($112.50) |
| Austin B. Kenney | 3/18 – 1/31/19 | 9.70 | $300($2,910.00) |
| An Le | 3/18 – 1/31/19 | 0.40 | $285($114.00) |

February 01, 2019 to present:

| Attorney | Dates | Hours | Total |
|---|---|---|---|
| Mark J. Kenney | 2/19 – 8/30/19 | 1.20 | $440($528.00) |
| Austin B. Kenney | 2/19 – 8/30/19 | 3.00 | $315($945.00) |
| An Le | 2/19 – 8/30/19 | 54.60 | $300($16,380.00) |

(Le Decl., ¶8 and Ex. 2.)  These hours are reasonable fees for taking a case of this type from inception through judgment.  (*Id.*)  Due to the particularly protracted nature of this case as a result of being unable to locate MANLEY, BANA has incurred significant fees and costs to date.  BANA attempted to serve MANLEY with the Summons and Complaint at the address she provided to BANA on the Signature Card.  However, MANLEY did not live at that address.  BANA made diligent efforts to serve MANLEY at more than nine (9) different addresses, but was unable to locate her.  BANA had to engage the services of a private investigator to locate MANLEY, bring a motion for service by publication, and serve MANLEY by publication in two newspapers.  (Le Decl., ¶6, Dkt. Nos. 21, 28.)  The declaration of An Le includes copies of billing statements sent to BANA that detail the hours

[1]  Severson & Werson changes the billing rates for its attorneys periodically.  This table is broken down by date ranges for each attorney to specify the billing rate of each attorney during that time period.  The "Total" column contains information in the format "hourly rate(hourly rate x hours)."

1  billed, the nature of the services rendered, and the hourly rate for each attorney.  (Le

2  Decl., Ex. 2.)

3             **(b)    Counsel's Hourly Rates are Reasonable**

4             The hourly billing rates that BANA's counsel charged were eminently

5  reasonable and indeed were below-market for the quality of representation received.

6  The fee setting inquiry in California ordinarily begins with the "lodestar," i.e., the

7  number of hours reasonably expended multiplied by the reasonable hourly rate.

8  California courts have consistently held that a computation of time spent on a case

9  and the reasonable value of that time is fundamental to a determination of an

10 appropriate attorneys' fee award.  The reasonable hourly rate is that prevailing in the

11 community for similar work.  The lodestar figure may then be adjusted, based on

12 consideration of factors specific to the case, in order to fix the fee at the fair market

13 value for the legal services provided.  While the Court may adjust the lodestar

14 (based on the factors described above in *Lafarge*, 791 F.2d 1334), there is a strong

15 presumption that the lodestar is the reasonable fee.  *Crawford v. Astrue*, 586 F.3d

16 1142, 1149 (9th Cir. 2009).

17            In light of these factors and the strong presumption that the lodestar is the

18 reasonable fee, the Court should grant BANA's request for $24,811.50 in attorneys'

19 fees.

20                          **V.  CONCLUSION**

21            Based on the foregoing, BANA respectfully requests that the Court enter an

22 order that BANA is the prevailing party in this litigation, and awarding its costs in

23 the sum of $4,847.55, and its attorneys' fees in the amount of $24,811.50.

24 DATED:  October 15, 2019          SEVERSON & WERSON
                                    A Professional Corporation
25

26                                  By: _____
                                              */s/ An Le*
27                                          An Le
                                    Attorneys for Plaintiff
28                                  BANK OF AMERICA, N.A.

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On October 15, 2019, I served true copies of the following document(s):

**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT ANTOINETTE MARIE MANLEY D/B/A/ BNGL SERVICES AND REQUEST FOR RECOVERABLE COSTS AND ATTORNEYS' FEES**

on the interested parties in this action as follows:

**BY CM/ECF**

| | |
|---|---|
| Thomas A. Fasel, Esq. | Attorney for Defendant |
| Quadrant Law Group | STALLION SPORT LIMITED |
| 610 Newport Center Drive, Suite 810 | |
| Newport Beach, CA 92660 | Telephone:   (949) 706-3188 |
| | Facsimile:   (949) 606-7002 |

**BY US MAIL**

Antoinette Marie Manley Sole Prop
dba BNGL Services
1309 1/2 W. 90th Place
Los Angeles. CA 90044-2035

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 15, 2019, at Irvine, California.

_____*/s/ An Le*_____
An Le

10597.0533/15065252.1

PROOF OF SERVICE